IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

VINCENT HEARN,

              Plaintiff,

    v.

EDGY BEES INC., and ADAM KAPLAN,

              Defendants.

Civil Action No. 8:21-cv-02259

**MEMORANDUM IN SUPPORT OF DEFENDANT ADAM KAPLAN'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Dated:  August 31, 2022

*/s/ Thomas P. Gies*
Thomas P. Gies (D. Md. Bar No. 17412)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Tel.: (202) 624-2500
Fax: (202) 628-5116
Email: TGies@crowell.com

*Attorney for Defendants
Edgy Bees Inc. and Adam Kaplan*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND............................................................................................... 1

LEGAL STANDARDS ....................................................................................................... 3

      A.    Motion to Dismiss for Lack of Personal Jurisdiction ......................................... 3

      B.    Motion to Dismiss for Insufficient Service of Process ....................................... 5

ARGUMENT ....................................................................................................................... 6

I.    Kaplan Should Be Dismissed for Lack of Personal Jurisdiction Because the FAC Did Not Cure the Dismissed Complaint's Defects............................................ 6

      A.    Hearn Has Abandoned Any Argument in Opposition to This Motion That Was Available to Him in Opposition to Kaplan's First Motion to Dismiss. ............................................................................................ 7

      B.    The FAC Still Contains "No Factual Allegations . . . That Provide a Basis for Personal Jurisdiction Under Maryland's Long Arm Statute, as There Are No Specific Factual Allegations Showing That Plaintiff's Claims 'Arise' from Defendant Kaplan's Alleged Relationship to Maryland." ................................................................................. 7

      C.    An Exercise of Personal Jurisdiction over Kaplan Would Be Facially Inconsistent with Constitutional Due Process Because He Still Has Not Been Served. ................................................................................. 9

      D.    The FAC Still "Fails to Offer Any Facts That Support a Finding That an Exercise of Personal Jurisdiction Would Be Consistent with Constitutional Due Process." ....................................................................... 9

II.    Kaplan Should Be Dismissed for Insufficient Service of Process Because Ten Months Have Elapsed and Hearn Has Still Made No Attempt to Re-Serve Him. ...................................................................................................................... 12

CONCLUSION.................................................................................................................. 16

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*,
No. CIV.A. AW-10-2352, 2011 WL 4102084 (D. Md. Sept. 13, 2011).........................13, 14

*Alula v. Kamhere*,
No. CIV. PJM 11-288, 2012 WL 1432434 (D. Md. Apr. 24, 2012).......................................6

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*,
480 U.S. 102 (1987)...................................................................................................5, 12

*Attkisson v. Holder*,
925 F.3d 606 (4th Cir. 2019), *as amended* (June 10, 2019)...................................................13

*Barnett v. Surefire Med., Inc.*,
No. JFM-17-1332, 2017 WL 4279497 (D. Md. Sept. 25, 2017)...........................................4

*Benahmed v. BAE Sys. Tech. Sols. & Servs., Inc.*,
No. 12-cv-01974-AW, 2012 WL 5426432 (D. Md. Nov. 6, 2012)........................................7

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*,
137 S. Ct. 1773 (2017).............................................................................................5, 10, 11

*Combs v. Bakker*,
886 F.2d 673 (4th Cir. 1989)...........................................................................................3

*Consulting Eng'rs Corp. v. Geometric Ltd.*,
561 F.3d 273 (4th Cir. 2012).........................................................................................11

*Ferdinand-Davenport v. Children's Guild*,
742 F. Supp. 2d 772 (D. Md. 2010).................................................................................7

*Fid. Nat. Title Ins. Co. v. M & R Title, Inc.*,
21 F. Supp. 3d 507 (D. Md. 2014)...................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011).......................................................................................................4

*Hawkins v. i-TV Digitalis Tavkozlesizrt.*,
935 F.3d 211 (4th Cir. 2019).......................................................................................4, 9

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945).......................................................................................................9

ii

DCACTIVE-68223406.9

*Karn v. PTS of America, LLC*,
    No. GJH-16-3261, 2020 WL 2794507 (D. Md. May 28, 2020) ............................................10

*Malebranche v. Johnson*,
    No. 15-cv-452-GJH, 2015 WL 4396745 (D. Md. July 16, 2015)......................................4, 10

*Mates v. N. Am. Vaccine, Inc.*,
    53 F. Supp. 2d 814 (D. Md. 1999) .........................................................................................10

*Mentch v. Eastern Savings Bank, FSB*,
    949 F. Supp. 1236 (D. Md. 1997) .............................................................................................7

*Montalbano v. Easco Hand Tools, Inc.*,
    766 F.2d 737 (2d Cir.1985) ....................................................................................................13

*Nichols v. G.D. Searle & Co.*,
    991 F.2d 1195 (4th Cir. 1993) ..............................................................................................4, 6

*Nylok Corp. v. Fastener World Inc.*,
    396 F.3d 805 (7th Cir. 2005) ..................................................................................................13

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987) ...................................................................................................................4

*Scott v. Maryland State Dep't of Lab.*,
    673 F. App'x 299 (4th Cir. 2016) .......................................................................................5, 15

*Sobel v. Inst. for Shipboard Educ.*,
    No. 3:15CV00040, 2017 WL 398425 (W.D. Va. Jan. 26, 2017) .......................................6, 13

*Ticketmaster–N.Y. v. Alioto*,
    26 F.3d 201 (1st Cir.1994)......................................................................................................11

*United States ex rel. Moore v. Cardinal Financial Co., L.P.*
    (D. Md., Mar. 28, 2017, No. CV CCB-12-1824) 2017 WL 1165952 ......................................5

*USHA (India), Ltd. v. Honeywell Int'l, Inc.*,
    421 F.3d 129 (2d Cir. 2005) ...................................................................................................13

*Villarreal v. Johnson*,
    No. 2:15-CV-219, 2018 WL 6272046 (N.D. Tex. Oct. 31, 2018), *report and*
    *recommendation adopted,* No. 2:15-CV-219-D, 2018 WL 6267658 (N.D. Tex.
    Nov. 30, 2018) ........................................................................................................................16

iii

**Statutes**

42 U.S.C. § 1981 ............................................................................................................2

Md. Code Ann., Cts. & Jud. Proc. § (4) ................................................................4, 7, 8

Md. Code Ann., Cts. & Jud. Proc. § 6-103(a) ..........................................................4, 7

Md. Code Ann., Cts. & Jud. Proc. § 6-103 (b)(1) ..................................................4, 7, 8

**Other Authorities**

FRCP Rule 4(f) ......................................................................................................5, 6, 13

FRCP Rule 4(m) ..................................................................................................5, 12, 13

FRCP Rule 6(b) ...........................................................................................................15

FRCP Rule 6(b)(1)(A) ...................................................................................................15

FRCP Rule 12(b)(2) .................................................................................................*passim*

FRCP Rule 12(b)(5) ..........................................................................................1, 5, 12, 15

Local Rule 6(c) ..............................................................................................................6

iv

## INTRODUCTION

Plaintiff Vincent Hearn's ("Plaintiff" or "Hearn") First Amended Complaint ("FAC") cures none of the defects identified by this Court in its Memorandum Opinion in support of its order dismissing the complaint and quashing service of process as to Kaplan. *See* ECF 27 ("Op.") at 18-21. The Court found that in the original complaint, Hearn did not connect his claims against Kaplan to Kaplan's activity in Maryland, thereby failing to adequately plead specific jurisdiction. Yet in the FAC, Kaplan changed nothing in his allegations against Kaplan. Further, Hearn has made no attempt to re-serve Kaplan in the ten months since October 27, 2021, when he learned that he served defective process on Kaplan. Accordingly, Hearn's FAC against Kaplan should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5).

## FACTUAL BACKGROUND

Defendant Adam Kaplan is a citizen and resident of Israel and CEO of co-defendant in this case, Edgy Bees, Inc. ("Edgybees"). FAC ¶ 4; ECF 22-2, Declaration of Adam Kaplan in support of Kaplan's Motion to Quash and Dismiss, dated October 27, 2021 ("Kaplan Decl.")[1] ¶ 2. He is domiciled in Hofit, Israel and has lived there full-time since 2007. Kaplan Decl. ¶ 2. Kaplan was CEO of Edgybees while Plaintiff Vincent Hearn was employed there from November 1, 2019 until January 7, 2021, when Hearn's employment was terminated. FAC ¶¶ 17, 87.

Hearn filed the original complaint in this action on September 2, 2021, alleging nine causes of action against Edgybees and naming Kaplan in three of those claims. ECF 4. On

---

[1] As the allegations concerning Kaplan have not changed from the original complaint to the FAC, Kaplan's declaration filed in support of the Motion to Dismiss the original complaint applies equally here.

October 27, 2021, Kaplan filed a Motion to Quash Service and Dismiss the Complaint based on insufficient process and lack of personal jurisdiction.  ECF 22.  In his opposition, Hearn conceded that he could not establish sufficient process was served on Kaplan and abandoned his claim of personal jurisdiction by entirely failing to respond to Kaplan's Rule 12(b)(2) motion. *See* ECF 24-1.  On May 26, 2022, this Court granted without prejudice Kaplan's motion to dismiss and quashed the service attempt on Kaplan.  *See* Op.; ECF 28 ("Order").  Kaplan was never re-served.

On July 18, 2022, Hearn filed the FAC, reasserting the same nine causes of action against Edgybees and naming Kaplan in the same three counts as he did in the original complaint. The FAC generally alleges that Kaplan was involved in and directed decisions that denied Hearn money he is owed, treated him differently based on his race, and wrongfully terminated him. Specifically, Hearn has brought claims against Kaplan for violation of the Maryland Wage Payment and Collection Law (Count V) and for retaliation and discrimination under 42 U.S.C. § 1981 (Counts VI-VII).

The FAC contains no new allegations addressing the Court's determination that the original complaint failed to plead a *prima facie* case for personal jurisdiction over Kaplan.  The FAC still makes no attempt to connect any of Kaplan's alleged actions giving rise to the claims lodged against him to the state of Maryland.  Where he specifically addresses jurisdiction over Kaplan, the FAC only alleges the following:

> This Court has personal jurisdiction over Mr. Kaplan because, prior to COVID and at relevant times herein, he regularly spent business days working in Gaithersburg, Maryland, thus purposefully availing himself of the laws and benefits of Maryland. In addition, Defendants have committed multiple tortious acts within the state of Maryland, thus availing themselves to the jurisdiction of this state.

FAC ¶ 6.

DCACTIVE-68223406.9

The remainder of the FAC adds no specificity to these general allegations, and no mention is made of any specific activity by Kaplan taking place in Maryland.  In fact, Kaplan rarely visits Maryland.  In 2021, Kaplan only spent eight days in Maryland; he did not enter the state once in 2017, 2018, or 2020, and in 2019, Kaplan spent a cumulative 5-12 days in Maryland.  Kaplan Decl. ¶ 4. While Hearn was employed at Edgybees, Kaplan was only in Maryland once for a total of three days. *Id.*  Further, Kaplan has never registered to vote, registered a vehicle, or paid any income taxes in Maryland.  *Id*. at ¶ 3.  When he does visit Maryland, Kaplan stays in a hotel, and has never rented or sublet property, much less owned property there. *Id.* at ¶ 6.

Likewise, Hearn is also not a resident of Maryland; he lives in Arizona.  FAC ¶ 2.  Hearn does not allege that he suffered any injury in Maryland by virtue of Kaplan's actions.  In sum, like the original complaint, the FAC still describes a dispute between a former employee who lives in Arizona and the CEO of his former employer who lives in Israel.  The dispute between Kaplan and Hearn bears no meaningful connection to the state of Maryland, and thus forms an insufficient basis to extend personal jurisdiction over Kaplan.

## LEGAL STANDARDS

### A.      Motion to Dismiss for Lack of Personal Jurisdiction

The legal standards used to assess a Fed. R. Civ. P. 12(b)(2) motion for lack of personal jurisdiction in Maryland were summarized by this Court, *see* Op. at 18-19, and are summarized briefly here.   To survive a defendant's challenge to personal jurisdiction, a plaintiff bears the burden of pleading a *prima facie* case, and if additional evidence is considered the plaintiff must "ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted).  Personal jurisdiction over a nonresident defendant generally requires that "(1) an applicable state long-arm

3

statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993).

Hearn still has not identified the Maryland long-arm statutory provision that he contends supports personal jurisdiction.  *See Malebranche v. Johnson*, No. 15-cv-452-GJH, 2015 WL 4396745, at *2 (D. Md. July 16, 2015).  Regardless of which provision Hearn relies on, the long-arm statute only authorizes personal jurisdiction if Hearn alleges his causes of action against Kaplan arise from Kaplan's activities in Maryland.  *See* Md. Code Ann., Cts. & Jud. Proc. § 6-103(a); *see also* Op. at 19 discussing *Id.* § 6-103 (b)(1), (4).

Due process requires "(1) service that complies with the requirements of an applicable rule or statute, as well as (2) 'minimum contacts' with the forum so that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice[.]"  *Hawkins v. i-TV Digitalis Tavkozlesizrt.*, 935 F.3d 211, 228 (4th Cir. 2019) citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  The first prong "requires valid service of process that comports with due process."  *Id.*  The second "minimum contacts" prong "exists where either general jurisdiction or specific jurisdiction is established." *Barnett v. Surefire Med., Inc.*, No. JFM-17-1332, 2017 WL 4279497, at *2 (D. Md. Sept. 25, 2017).

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).[2]  In order for a court "to exercise specific jurisdiction, 'the *suit*' must 'arise out of or

---

[2] The "continuous and systematic" analysis applied to corporate entities is ill-suited to a situation in which there is no specific personal jurisdiction over an individual defendant.  *See Fid. Nat. Title Ins. Co. v. M & R Title, Inc.*, 21 F. Supp. 3d 507, 514 n.1-515 (D. Md. 2014) ("[I]t strains logic to imagine that a defendant over whom the State cannot exercise special personal jurisdiction nevertheless would satisfy the more stringent requirements for the exercise of general personal jurisdiction.").  Regardless, Kaplan lives in Israel, his visits to Maryland have

4

relate to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (italics in original; internal citations and brackets omitted).  "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 115 (1987).

> **B.     Motion to Dismiss for Insufficient Service of Process**

A motion to dismiss for insufficient service of process due to failure to timely serve a defendant arises under Fed. R. Civ. P. 12(b)(5), 4(m), and 4(f).  "The plaintiff bears the burden of proving adequate service once a motion to dismiss for insufficient service of process has been filed pursuant to Fed. R. Civ. P. 12(b)(5)."  *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016).

Service of process is governed by Rule 4, and subsection (m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"[F]iling an amended complaint does not reset the Rule 4(m) service period except as to those defendants newly listed in the amended complaint."  *United States ex rel. Moore v. Cardinal Financial Co., L.P.* (D. Md., Mar. 28, 2017, No. CV CCB-12-1824) 2017 WL 1165952, at *8.

---

been very limited, and he has no permanent connections in the form of property. *See* Kaplan Decl. ¶¶ 3-6.

Rule 4(f) governs international service of process.  While Rule 4(f) does not impose a bright line time limit to effectuate international service, "the amount of time allowed for foreign service is not unlimited." *Alula v. Kamhere*, No. CIV. PJM 11-288, 2012 WL 1432434, at *2 (D. Md. Apr. 24, 2012).  "Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service."  *Sobel v. Inst. for Shipboard Educ.*, No. 3:15CV00040, 2017 WL 398425, at *4 (W.D. Va. Jan. 26, 2017) (citation omitted).

## ARGUMENT

### I.   Kaplan Should Be Dismissed for Lack of Personal Jurisdiction Because the FAC Did Not Cure the Dismissed Complaint's Defects.

This Court lacks personal jurisdiction over Kaplan.  The FAC still fails to allege that any of Kaplan's actions giving rise to the claims against him bore any connection to the state of Maryland.  Personal jurisdiction over a nonresident defendant generally requires that "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993).  This Court found that Hearn failed to satisfy either prong of this standard.  Op. at 19-21.  Yet in the FAC, Hearn made no attempt to cure any of the defects the Court identified.  Indeed, only two new allegations are arguably directed to the personal jurisdiction issue.  *See* FAC ¶¶ 7, 28 (p. 8).[3]

---

[3] The FAC is defective in a way that unfortunately makes the record unclear: After paragraph number 30, the next paragraph number that follows is paragraph number 28, then 29 and so on, meaning there are two paragraph numbers 28, 29, and 30 in the FAC.  For clarity, Edgybees will cite the page number on which the relevant paragraph appears.  The Court should also be aware that the redline filed with the FAC is incomplete: Several new allegations, for example paragraph 7, are not "underlined or set forth in bold-faced type" as required by Local Rule 6(c).

DCACTIVE-68223406.9

**A.      Hearn Has Abandoned Any Argument in Opposition to This Motion That Was Available to Him in Opposition to Kaplan's First Motion to Dismiss.**

Because Hearn did not materially change his allegations regarding Kaplan, all of Kaplan's original arguments regarding lack of personal jurisdiction stand, and are reasserted here.  However, any argument that was available to Hearn in response to Kaplan's first motion to dismiss was waived and should not be considered.  As this Court observed, "when a plaintiff fails to respond to an argument, he 'abandons [the] claim.'" Op.  at 20 citing *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (*citing Mentch v. Eastern Savings Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997)); *Benahmed v. BAE Sys. Tech. Sols. & Servs., Inc.*, No. 12-cv-01974-AW, 2012 WL 5426432, at *6 (D. Md. Nov. 6, 2012).  Here, Hearn abandoned his claim of personal jurisdiction over Kaplan, because in his opposition to Kaplan's original motion to dismiss, "Plaintiff fail[ed] to respond to any of Defendant Kaplan's arguments regarding personal jurisdiction, nor d[id] Plaintiff contest any of the facts in Kaplan's declaration." Opinion at 21.  Hearn should not be given a second bite at the apple now to assert those abandoned arguments here.

**B.      The FAC Still Contains "No Factual Allegations . . . That Provide a Basis for Personal Jurisdiction Under Maryland's Long Arm Statute, as There Are No Specific Factual Allegations Showing That Plaintiff's Claims 'Arise' from Defendant Kaplan's Alleged Relationship to Maryland."[4]**

This Court identified two potentially relevant long-arm provisions, but noted that "[i]mportantly, personal jurisdiction is only authorized in either case <u>if the 'cause of action aris[es]' from those transactions or injuries</u>."  Op. at 19 (emphasis added) citing Md. Code Ann., Cts. & Jud. Proc. § 6-103 (a), (b)(1), (4).[5]  This Court found that "[t]here are also no factual

---

[4] Op. at 19.

[5] In dismissing the original complaint, the Court found that Plaintiff had not met his burden to specifically identify the Maryland statutory provision that authorizes jurisdiction, either in his complaint or in opposition to Kaplan's Rule 12(b)(2) motion. *See* Op. at 19.  Even though the

allegations in the Complaint that provide a basis for personal jurisdiction under Maryland's long arm statute, as there are no specific factual allegations showing that Plaintiff's claims 'arise' from Defendant Kaplan's alleged relationship to Maryland." *Id.*

The FAC does not cure this fatal pleading defect. The FAC adds only one new substantive allegation relating to Kaplan and Maryland: "Several of Mr. Hearn's trips to Maryland were for the purpose of attending meetings called by Mr. Kaplan to meet with him in the Gaithersburg office." FAC ¶ 28 (p. 9).[6] But this is insufficient for three separate reasons.

*First*, Kaplan has already submitted an uncontroverted, sworn declaration confirming that he never met with Hearn in Maryland, nor did any of his alleged actions or communications regarding Hearn occur while he was in Maryland. Kaplan Decl. ¶ 5. As the Court observed ,, "Plaintiff does not respond to Defendant's arguments or declaration regarding person[al] [sic] jurisdiction, nor does Plaintiff contest any of the facts in Kaplan's declaration." Op. at 20. Hearn has accordingly waived any argument he might make that he did meet with Kaplan in Maryland, or that Kaplan was in Maryland while engaging in the activities Hearn contends support the claims against him. *See id.* ("[W]hen a plaintiff fails to respond to an argument, he 'abandons [the] claim.'") (citations omitted).

*Second,* Hearn's FAC does not controvert Kaplan's declaration. Kaplan's assertion in paragraph 5 of his declaration that he never met with Kaplan in Maryland necessarily applies to the planned meetings Hearn lists in paragraph 28 of the FAC. Hearn's FAC does not say

---

Court's Opinion specifically identified two potentially relevant long-arm provisions—§ 6-103(b)(1) and (4)—Hearn still failed to identify any long-arm provision in the FAC. *Id.*

[6] The only other new allegation Hearn added to the FAC regarding personal jurisdiction is that Kaplan is a U.S. citizen. But even if the Court accepts this new allegation as true at this stage in the pleadings, it is irrelevant. U.S. citizenship does not confer either general jurisdiction in the state of Maryland or specific jurisdiction in this case.

DCACTIVE-68223406.9

otherwise: the new paragraph 28 still does not actually allege that Hearn ever met with Mr.

Kaplan in the Gaithersburg office – only that Hearn went to Maryland "for the purpose" of

meeting Kaplan.

*Third*, and most importantly, this new allegation still does nothing to articulate how

Hearn's claims arise from any of these alleged planned, but unrealized, meetings in Maryland.

Without this connection to Hearn's claims, specific personal jurisdiction over Kaplan cannot be

asserted even if Hearn did attend meetings in Maryland with Kaplan (which he did not).

**C.      An Exercise of Personal Jurisdiction over Kaplan Would Be Facially Inconsistent with Constitutional Due Process Because He Still Has Not Been Served.**

In addition to satisfying Maryland's Long-Arm Statute, personal jurisdiction over Kaplan

must also comport with due process under the Constitution.  Due process requires "service that

complies with the requirements of an applicable rule or statute[.]"  *Hawkins v. i-TV Digitalis*

*Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019).  Here, the only service attempt on Kaplan was

quashed.  ECF 27-28.  This threshold requirement for personal jurisdiction accordingly has not

been met.

**D.      The FAC Still "Fails to Offer Any Facts That Support a Finding That an Exercise of Personal Jurisdiction Would Be Consistent with Constitutional Due Process."[7]**

In addition to valid service, the due process requirement for personal jurisdiction requires

that the defendant has established "minimum contacts" with the forum state such that

maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation

omitted).  This can be established via either general or specific jurisdiction.

---

[7] Opinion at 19-20.

Hearn still makes no attempt to allege any facts suggesting he intends to assert a theory of general jurisdiction over Kaplan. Individual are generally subject to general jurisdiction where they are domiciled, and it is undisputed that Kaplan has never lived in Maryland. Kaplan Decl. ¶¶ 2-3; FAC ¶ 5. Thus, general jurisdiction cannot apply to Kaplan in Maryland.

Neither does specific jurisdiction. As this Court has explained, "[s]pecific personal jurisdiction is present when the claim is 'related to or arises out of a defendant's contacts with the forum.'" Op. at 19 quoting *Malebranche v. Johnson*, 2015 WL 4396745, at *4 (internal quotations and citations omitted). As discussed *supra* in relation to the inapplicability of Maryland's Long-Arm Statute, the FAC still fails to allege that Hearn's claims against Kaplan arise out of Kaplan's activities occurring in the state of Maryland. Specific jurisdiction requires a nexus between the forum state and "the very controversy that establishes the jurisdiction." *Bristol-Myers Squibb,* 137 S. Ct. at 1780. When that nexus is absent, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781.

The only connection Hearn alleges between himself, Kaplan, and Maryland is that they both worked for a Maryland-based company, but this alone cannot support the imposition of specific personal jurisdiction. "[J]urisdiction over [a foreign CEO], as an officer of [the company], cannot be predicated solely upon this Court's jurisdiction over [the company] itself . . . [and] [i]f his only contact with the forum state was entirely within the scope of his corporate capacity, he cannot be subjected to this Court's jurisdiction." *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 821 (D. Md. 1999) (collecting cases); *see also Karn v. PTS of America, LLC*, No. GJH-16-3261, 2020 WL 2794507, at *5 (D. Md. May 28, 2020) (rejecting the argument that jurisdiction over individuals can apply merely because their employer performs work in Maryland). Nowhere in the FAC does Hearn allege that Kaplan engaged in any "activity or []

10

occurrence that takes place in the forum State" giving rise to his claims against Kaplan. *Bristol-Myers Squibb,* 137 S. Ct. at 1780. Thus, Hearn alleges no contacts with Maryland to support specific jurisdiction.

Further, the imposition of personal jurisdiction over Kaplan would not be constitutionally reasonable. "[T]he reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Ticketmaster–N.Y. v. Alioto*, 26 F.3d 201, 210 (1st Cir.1994). The Fourth Circuit has identified several factors relevant to the constitutional reasonableness inquiry: (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 279 (4th Cir. 2012). Of these factors, the Supreme Court has clarified that:

> [T]he "primary concern" is "the burden on the defendant." [citation] Assessing this burden obviously requires a court to consider the practical problems resulting from litigating in the forum, but it also encompasses the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question. As we have put it, restrictions on personal jurisdiction "are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States."

*Bristol-Myers Squibb,* 137 S. Ct. at 1780 (citation omitted). "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national

11

borders." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 114 (1987).

Here, the burden on Kaplan to defend claims asserted against him in Maryland would be great.  Kaplan lives half way around the world in Hofit, Israel, making it demonstrably burdensome for him to be haled into court in Maryland.  This is particularly true given that Hearn wholly fails to allege that Kaplan engaged in any activity in Maryland that gave rise to Hearn's claims against him.

Further, neither Hearn nor Kaplan live in Maryland, leaving the state of Maryland with little to no interest in adjudicating a dispute between them.  *See Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 114 (1987) (characterizing the state's interest in resolving a dispute between a foreign defendant and an out of state plaintiff as "considerably diminished.") Additionally, Hearn's interest in Maryland as a "convenient" forum is inherently limited given that he lives across the country from Maryland in Arizona.

For the foregoing reasons, the FAC should bear the same fate as the original complaint and be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2).

## II.     Kaplan Should Be Dismissed for Insufficient Service of Process Because Ten Months Have Elapsed and Hearn Has Still Made No Attempt to Re-Serve Him.

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a complaint for insufficient service of process.  Kaplan has still not been served with process ten months after filing the original complaint.

Rule 4(m) requires a plaintiff to effectuate domestic service of the summons on a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m).  Here, this deadline passed on December 1, 2021.  After the deadline, Rule 4(m) requires dismissal of the action or instruction to serve within a specified time.  But the court is not required to grant an extension of

time to serve unless good cause for the delay is demonstrated.  "Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs.  Put conversely, good cause generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service."  *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), *as amended* (June 10, 2019) (citations omitted).

Likewise, in keeping with the efficiency goals of Rule 4(m), a plaintiff must "act diligently and effectuate service abroad within a reasonable period of time." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. CIV.A. AW-10-2352, 2011 WL 4102084, at *4 (D. Md. Sept. 13, 2011).  Numerous courts have reasoned that a plaintiff's failure to even initiate attempt to initiate foreign service within the time period provided by Rule(m) – let alone ten months – demonstrates an unreasonable lack of diligence.[8]

*A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.* is instructive. There, Judge Williams. dismissed the complaint against Israeli defendants for ineffective service of process because the plaintiff failed to "make a single attempt to effectuate service abroad" either within the reasonable time provided by Rule 4(m) or within the ten-to-eleven-month period after

---

[8] *See Sobel v. Inst. for Shipboard Educ.*, No. 3:15CV00040, 2017 WL 398425, at *4 (W.D. Va. Jan. 26, 2017) citing *Nylok Corp. v. Fastener World Inc*., 396 F.3d 805, 807 (7th Cir. 2005) ("Because district courts need to be able to control their dockets, we have stated that the amount of time for foreign service is not unlimited. If, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days, it might be proper for a court to dismiss the claim."); *USHA (India), Ltd. v. Honeywell Int'l, Inc*., 421 F.3d 129, 134 (2d Cir. 2005) (concluding that Rule 4(m)'s exemption "does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign county"); *Nylok Corp. v. Fastener World Inc*., 396 F.3d 805, 807 (7th Cir. 2005) (stating that "the amount of time allowed for foreign service is not unlimited" and suggesting that dismissal may be appropriate "[i]f, for example, a plaintiff made no attempt to begin the process of foreign service within 120 days") (internal quotation marks and citations omitted); *Montalbano v. Easco Hand Tools, Inc*., 766 F.2d 737, 740 (2d Cir.1985) (holding that Rule 4([m])'s [time limit] exemption for service in foreign countries did not apply where service under Rule 4([f]) was never attempted).

learning the defendants resided in Israel.  *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. CIV.A. AW-10-2352, 2011 WL 4102084, at *7 (D. Md. Sept. 13, 2011).  The court reasoned that even though the defendants were aware of the litigation during that time, "the absence of prejudice alone does not constitute good cause to excuse untimely service." *Id*. In dismissing the defendants from the case, the court found that "this result furthers the policy consideration, noted by other courts that have recognized time limits for foreign service of process, that courts need to be able to deal with a multitude of cases in a timely and efficient manner." *Id*.

The court also denied as moot the plaintiff's motion to authorize service of process in accordance with the Hague Convention "because such a motion should have been filed within a reasonable time of ALOF learning that Individual Defendants were located in Israel. Moreover, ALOF did not even bother to file the present motion until Individual Defendants moved to dismiss ALOF's complaint on the grounds that they had still not been served with process almost a year after the Court issued summonses in this case." *Id.*

The same reasoning applies here.  Hearn's failure to even initiate the process of serving Kaplan in Israel in the ten months since learning his first attempt at service was defective demonstrates a complete failure to act diligently.

Hearn does not have good cause for his failure to re-serve Kaplan, and he made no attempt to demonstrate good cause when provided the opportunity in his opposition to Kaplan's motion to dismiss the original complaint for improper service.  Factors considered when determining whether good cause exists "include whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is *pro se* or *in forma pauperis*, 5) the defendant will be

DCACTIVE-68223406.9

prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Scott v.*
*Maryland State Dep't of Lab.*, 673 F. App'x 299, 306 (4th Cir. 2016).

Here, all factors weigh against finding good cause to grant Hearn an extension.  Hearn
has known for ten months, since at least October 27, 2021, that his service on Kaplan was
defective.[9]  Hearn had every opportunity to re-effectuate service - the signed and stamped
summons remains on the docket.  *See* ECF 5-1.  Instead of making any attempt to re-serve
Kaplan, either domestically or internationally, Hearn first sat on his hands for 35 days until his
deadline to serve Kaplan passed, then continued to do nothing in the nine months that followed.
Hearn "did not file a motion pursuant to Fed. R. Civ. P. 6(b) seeking to extend the time in which
to serve" and his "brief, one-sentence request for an extension in [his] response to the
defendants' motion to dismiss" is not an adequate substitute.  *Scott v. Maryland State Dep't of*
*Lab.*, 673 F. App'x 299, 307 (4th Cir. 2016) (affirming dismissal under Rule 12(b)(5) for lack of
good cause for failure to timely serve the defendant).  Nor did Hearn make any attempt to
articulate in his opposition to Kaplan's original motion to dismiss why good cause for an
extension existed or how he intended to re-effectuate service on Kaplan, either domestically or in
Israel.

Further, Kaplan will be prejudiced the longer Hearn is permitted to stand idle instead of
serving him with process.  Kaplan is CEO of Edgybees, the other defendant in this case.  Kaplan
will be actively involved in Edgybees' defense in his capacity as CEO.  The longer his service is
delayed, the greater the risk that Kaplan will be required to re-litigate the same claims.  Given
that Edgybees is also named in all claims against Kaplan, Edgybees will likewise be prejudiced

---

[9] October 27 is the date on which Kaplan filed his motion to dismiss the original complaint,
alerting Hearn to his defective service of process, which he conceded on opposition. ECF 22.

by the potential requirement to re-litigate those claims. *See e.g. Villarreal v. Johnson*, No. 2:15-CV-219, 2018 WL 6272046, at *6 (N.D. Tex. Oct. 31, 2018), *report and recommendation adopted,* No. 2:15-CV-219-D, 2018 WL 6267658 (N.D. Tex. Nov. 30, 2018) ("Delay of service will also prejudice the rights of other defendants to this suit to promptly and fully defend the claims made against them.")

## **CONCLUSION**

For the foregoing reasons, the Court should issue an order dismissing the FAC against Kaplan in its entirety for lack of personal jurisdiction and for failure to timely effect service of process.

Dated:  August 31, 2022

Respectfully submitted,

*/s/ Thomas P. Gies*
Thomas P. Gies (D. Md. Bar No. 17412)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Tel.: (202) 624-2500
Fax: (202) 628-5116
Email: TGies@crowell.com

*Attorney for Defendants*
*Edgy Bees Inc. and Adam Kaplan*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of August, 2022, the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT ADAM KAPLAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was served on the following counsel of record, via the Court's CM/ECF system:

Richard R. Renner
Kalijarvi Chuzi Newman & Fitch, P.C.
818 Connecticut Avenue, NW, Suite 1000
Washington, DC 20006
Tel.: (202) 331-9260
Fax: (855) 326-5993
Email:  rrenner@kcnlaw.com

*Attorneys for Plaintiff*


Dated:  August 31, 2022                           Respectfully submitted,

                                                  /s/ Thomas P. Gies
                                                  Thomas P. Gies (D. Md. Bar No. 17412)
                                                  CROWELL & MORING LLP
                                                  1001 Pennsylvania Avenue, N.W.
                                                  Washington, DC  20004-2595
                                                  Tel.: (202) 624-2500
                                                  Fax: (202) 628-5116
                                                  Email: TGies@crowell.com

                                                  *Attorney for Defendants*
                                                  *Edgy Bees Inc. and Adam Kaplan*

17